No. 22-35749

_____

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

AARON DALE EATON,
*Plaintiff-Appellant*,

v.

TWO RIVERS CORRECTION INSTITUTION GRIEVANCE COORDINATOR EYNON, et al.,
*Defendants-Appellees*.

On Appeal from the United States district court
for the District of Oregon,
No. 2:20-cv-1251-SI
District Judge Michael H. Simon

## APPELLEE CYNTHIA LeCLOUX'S ANSWERING BRIEF

Hillary A. Taylor, OSB No. 084909
Trent Andreasen, OSB No. 195026
Keating Jones Hughes, P.C.
200 SW Market Street, Suite 900
Portland, OR 97201
Phone: 503.222.9955
htaylor@keatingjones.com
*Attorneys for Defendant-Appellee Cynthia LeCloux*

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................1

JURISDICTIONAL STATEMENT .........................................................2

STATEMENT OF ISSUE PRESENTED FOR REVIEW ...........................2

    1.    Should the Court affirm the grant of summary judgment where the plaintiff fails to make any specific arguments and provides no evidence in support of the plaintiff's ADA claim against the medical practitioner defendant? ................................................2

STATEMENT OF THE CASE ...............................................................2

    A.    Background Facts ...................................................................2

    B.    Procedural History..................................................................4

    Standard of Review ........................................................................7

    Summary of Argument ...................................................................7

ARGUMENT.........................................................................................8

    A.    The Americans with Disabilities Act..........................................8

    B.    Plaintiff's ADA Claim Against NP LeCloux Sounds in Medical Malpractice ...................................................................9

    C.    The district court did not err in granting summary judgment to NP LeCloux on plaintiff's ADA claim because with respect to NP LeCloux the district court did not base it's ruling on whether NP LeCloux denied plaintiff access to the shower.....10

    D.    The district court did not err in granting summary judgment to Ms. LeCloux on plaintiff's ADA claim because with respect to NP LeCloux the district court did not base it's ruling on whether she failed to accommodate plaintiff .........................................12

CONCLUSION .................................................................................14

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**

*Bryan v. Madigan*,
  84 F.3d 246 (7th Cir. 1996) ........................................................................... 9

*Duvall v. County of Kitsap*,
  260 F.3d 1124 (9th Cir. 2001) ....................................................................... 9

*Kiman v. New Hampshire Dept. of Correction*,
  451 F.3d 274 (5th Cir. 2006) ......................................................................... 9

*Lesley v. Hee Man Chie*,
  250 F.3d 47 (1st Cir. 2001) ........................................................................... 9

*Simmons v. Navajo Cty., Ariz.*,
  609 F.3d 1011 (9th Cir. 2010) ....................................................................7, 9

*Updike v. Multnomah County*,
  870 F.3d 939 (9th Cir. 2017) ......................................................................... 9

*Whitman v. Mineta*,
  541 F.3d 929 (9th Cir. 2008) ......................................................................... 7

**Statutes**

42 U.S.C. §12101 ................................................................................................ 8

**Rules**

Fed. R. Civ. P. 56(a) ........................................................................................... 7

## INTRODUCTION

Plaintiff appellant Aaron Eaton, an adult in custody ("AIC") in Oregon, filed this lawsuit against the Oregon Department of Corrections ("State Defendants") alleging multiple claims, including violation of his constitutional rights under the Eighth Amendment and violation of the Americans with Disabilities Act ("ADA"). ER-212.

More than a year into his lawsuit, in August 2021, plaintiff filed a Fourth Amended Complaint naming family nurse practitioner Cynthia LeCloux, FNP ("NP LeCloux"), as a defendant for the first time. NP LeCloux treated plaintiff on several occasions while she was assigned to work at TRCI. LeClouxSER-12. The Fourth Amended Complaint asserted two claims against NP LeCloux: first, for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and, second, for violating the ADA.

The district court properly granted NP LeCloux summary judgment. The opening brief is devoid of any statements or argument about NP LeCloux's involvement, nor does it ask this Court specifically to reverse the district court's grant of summary judgment as to NP LeCloux, rather the opening brief focuses on the State Defendants. On appeal, plaintiff abandons his arguments with respect to the Eighth Amendment, focusing on the ADA claim. This Court should affirm because the district court properly ruled that plaintiff's ADA claim against NP

LeCloux sounds in medical negligence, a claim for which the ADA is not the proper vehicle.

## JURISDICTIONAL STATEMENT

Defendant NP LeCloux accepts plaintiff's statement.

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

1. Should the Court affirm the grant of summary judgment where the plaintiff fails to make any specific arguments and provides no evidence in support of the plaintiff's ADA claim against the medical practitioner defendant?

## STATEMENT OF THE CASE

NP LeCloux does not dispute the factual record as recited by plaintiff. However, the opening brief does not focus on the claims against NP LeCloux. Out of an abundance of caution, NP LeCloux includes the following facts and history for the court's consideration.

### A. Background Facts

Cynthia LeCloux is a licensed family nurse practitioner who was working for a *locum tenens* group when she was assigned to work at Two Rivers Correctional Institute ("TRCI"). Her first assignment was from August 25, 2020 to November 25, 2020, and her second was from January 11, 2021 to March 19, 2021. LeClouxSER-12. NP LeCloux provided plaintiff with medical care,

2

including treatment for his asthma and COPD, on a few occasions while she was working at TRCI. *Id.*

At a September 23, 2020, asthma and COPD appointment, NP LeCloux performed an examination which yielded unremarkable results, except for plaintiff's subjective complaint that it was difficult to breathe. *Id*. NP LeCloux's care on that date included checking plaintiff's respiratory rate, pulse, blood pressure, and auscultation of his lungs. *Id*. All were within normal limits. *Id*. NP LeCloux also had plaintiff perform a peak flow test, which measures how quickly a person can blow air out of their lungs. *Id*. Plaintiff's result improved over previous peak flow tests, despite his noted poor effort. *Id*. NP LeCloux continued plaintiff on his inhaler prescription. *Id*.

At the September 23 appointment plaintiff mentioned the presence of mold in the showers, informing NP LeCloux that the showers were "being worked on." *Id*. Asthma and COPD appointments are typically scheduled every four months, however, given plaintiff's complaints, NP LeCloux scheduled plaintiff for follow up four weeks later. *Id*.

NP LeCloux saw plaintiff for follow up on October 25, 2020. *Id*. Like the exam a month earlier, upon examination on this date, plaintiff showed no respiratory distress. *Id*. NP LeCloux ordered plaintiff undergo a Pulmonary Function Test which measures lung volume, capacity, flow rates, and gas exchange

3

of the lungs. *Id*. She also ordered a trial of a new inhaler to treat his symptoms. *Id*. Given her limited duration assignment at TRCI, NP LeCloux was not able to follow plaintiff's course in a typical fashion. LeClouxSER-13.

### B. Procedural History

Plaintiff filed this lawsuit against the State Defendants on July 30, 2020. ER-243. At that time, NP LeCloux was not named as a defendant. In fact, she did not even start working at TRCI until almost a month later, on August 25, 2020. LeClouxSER-12. Subsequently, plaintiff filed three amended complaints. ER-245-247.

Over a year after initiating this lawsuit, plaintiff filed the Fourth Amended Complaint naming NP LeCloux as a defendant for the first time. ER-250. Plaintiff asserted two claims against NP LeCloux. First, plaintiff alleged NP LeCloux was deliberately indifferent to a serious medical need in violation of the Eighth Amendment. ER-230. Specifically, plaintiff alleged:

> "Cynthia Lecloux, is Mr. Eaton's Medical Provider, and has the ability to test Mr. Eaton for the Mold Exposure that he has regularly complained of while being seen at scheduled appointments, and or order an evaluation to confirm the mold exposure, and in failing to provide the community standard of care, being notified many times, Cynthia Lecloux has acted with deliberate indifference to a serious medical need of Mr. Eaton, in violations of the Eighth Amendment of the U.S. Constitution."

4

ER-230.[1]

Plaintiff's second claim against NP LeCloux alleged violations of the ADA, specifically:

> "Mr. Eaton claims that, Cynthia Lecloux, being Mr. Eaton's Medical Provider, has the ability to test or order the testing of Mr. Eaton for mold exposure that he has regularly complained of while being seen at scheduled appointments, and or order an evaluation to confirm the mold exposure, and in failing to provide the community standard of care, being notified many times, Cynthia Lecloux has acted with deliberate indifference to a serous (*sic*) medical needs of Mr. Eaton's, in violation of the ADA and §504 of the Rehabilitation Act."

ER-236.

On January 25, 2022, NP LeCloux filed a motion for summary judgment. LeClouxSER-3-9. With respect to the ADA claim, which is the only claim at issue on appeal, NP LeCloux's motion highlighted that plaintiff's claim against her was more appropriately a medical malpractice claim. LeClouxSER-8-9. The specification against NP LeCloux alleged she was deliberately indifferent to plaintiff's serious medical need by not ordering tests or performing evaluations to confirm that he had been exposed to mold. LeClouxSER-8. Defendant argued that this is not the sort of claim for which the ADA provides redress, and therefore, NP LeCloux was entitled to judgment as a matter of law. *Id.* In the alternative, NP

---

[1] It is worth pointing out that at the time plaintiff filed the Fourth Amended Complaint, NP LeCloux had not worked at TRCI since March 19, 2021, and therefore had not provided plaintiff with medical care for over 5 months.

5

LeCloux's motion incorporated the arguments made against the Eighth Amendment Claim and argued that the care she provided was not deliberately indifferent. NP LeCloux's motion against the Eighth Amendment claim highlighted the care she provided plaintiff on September 23 and October 25, 2020, to demonstrate that she took his complaints seriously and provided him with appropriate medical care.[2] LeClouxSER-9.

On August 30, 2022, the district court issued an Opinion and Order granting summary judgment in NP LeCloux's favor as to both claims. ER-4. As it relates to NP LeCloux and plaintiff's ADA claim, the district court concluded that plaintiff failed to allege that NP LeCloux treated him differently than non-disabled inmates, and instead alleged that the care she provided was insufficient. ER-27. The district court concluded that plaintiff failed to create a genuine issue of material fact on the ADA claim against NP LeCloux and granted summary judgment in her favor. *Id.*

In granting the State Defendants' motion for summary judgment, the district court found that there was not a denial or exclusion of plaintiff from use of the showers. ER-27-28. Further, that plaintiff did not present evidence which showed

---

[2] Specifically, she examined plaintiff, ordered tests, continued and prescribed new inhaler prescriptions, and scheduled more immediate follow ups. LeClouxSER-7. The district court agreed with NP LeCloux with respect to the Eighth Amendment claim, and granted judgment in her favor. That ruling is not challenged.

that any exclusion or denial that occurred was by reason of his disability. *Id.* For those reasons, the district court granted the State Defendants' motion for summary judgment. *Id.*

## Standard of Review

An order by a district court granting or denying a motion for summary judgment brought pursuant to Fed. R. Civ. P. 56(a) is reviewed *de novo* to determine whether, viewing all evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). A grant of summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## Summary of Argument

Plaintiff's ADA claim against NP LeCloux sounds in medical negligence, for which the ADA does not provide redress. *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010). The district court's ruling on NP LeCloux's summary judgment motion against the ADA claim was independent and distinct from the basis summary judgment was granted to the State Defendants. Plaintiff's opening brief does not argue that the district court's ruling as to NP LeCloux was erroneous. Indeed, the opening brief does not mention NP LeCloux by name once,

7

nor discuss the care she provided with any specificity. Plaintiff also does not challenge the district court's ruling on the Eighth Amendment claim. The district court properly granted NP LeCloux summary judgment as to both claims and this Court should affirm.

## ARGUMENT

Plaintiff's opening brief fails to discuss NP LeCloux's role in the lawsuit to acknowledge the district court's distinct reasons for granting summary judgment in NP LeCloux's favor on the ADA claim. This Court should affirm, as no issues are raised as to this defendant. To the extent the court wishes to engage in the issues, with respect to NP LeCloux, the district court determined that plaintiff's ADA claim rested on his disagreement with her choice in tests and treatment. ER-27. The district court properly ruled that plaintiff's assertion that NP LeCloux's care was inadequate was insufficient to create a genuine issue of material fact to defeat summary judgment. *Id*.

A. The Americans with Disabilities Act

The ADA is designed to protect qualified individuals with a disability from disparate treatment based on that disability. 42 U.S.C. §12101. To be successful on an ADA claim, a plaintiff needs to show: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise

8

discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Updike v. Multnomah County*, 870 F.3d 939, 949 (9th Cir. 2017) (*quoting Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as am. on denial of reh'g en banc* (Oct. 11, 2001).

The ADA is not designed to provide a plaintiff with redress for inadequate medical treatment. *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010). A plaintiff's disagreement with the medical judgment exercised by a provider is more appropriate for a medical malpractice claim, not a claim for violation of the ADA. *Kiman v. New Hampshire Dept. of Correction*, 451 F.3d 274, 285 (5th Cir. 2006) *citing Lesley v. Hee Man Chie*, 250 F.3d 47, 58 (1st Cir. 2001); *see also Bryan v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (holding that a prison does not violate the ADA by "simply failing to attend to the medical needs of its disabled prisoners" because the "ADA does not create a remedy for medical malpractice").

B. <u>Plaintiff's ADA Claim Against NP LeCloux Sounds in Medical Malpractice.</u>

Plaintiff's ADA claim against NP LeCloux asserts that she was his medical provider, and in that role could test or order tests for mold exposure. ER-236. He alleges that NP LeCloux "[failed] to provide the community standard of care" and

"acted with deliberate indifference to a serious medical need" in violation of the ADA. *Id*. The allegations in plaintiff's ADA claim are nearly identical to the allegations of deliberate indifference in his Eighth Amendment claim. That claim asserted that NP LeCloux was his medical provider, and in that role could test him for mold exposure. ER-230. It alleged that NP LeCloux "[failed] to provide the community standard of care" which was a violation "of the Eighth Amendment of the U.S. Constitution." ER-230-231. Defendant was granted summary judgment on the Eighth Amendment claim and plaintiff does not raise it on appeal.

The district court properly recognized that the claim plaintiff asserted against NP LeCloux under the guise of the ADA was one that sounds in medical malpractice. The ADA does not provide redress for medical malpractice. Thus, the ruling with respect to plaintiff's ADA Claim against NP LeCloux should be affirmed.

C. <u>The district court did not err in granting summary judgment to NP LeCloux on plaintiff's ADA claim because with respect to NP LeCloux the district court did not base it's ruling on whether NP LeCloux denied plaintiff access to the shower.</u>

The framing of the first issue presented by plaintiff does not appear to implicate the district court's grant of summary judgment to NP LeCloux on the ADA claim against her. Plaintiff argues the district court made either a "legal or

10

record error." Opening Brief 13. Plaintiff asserts it is legal error if the district court's holding was plaintiff "was not denied access to the shower because he was physically able to enter the shower and turn the water on[.]" Opening Brief 13. Alternatively, if the district court meant that "plaintiff faced no barriers in showering," then plaintiff argues "it inappropriately resolved a records dispute." Opening Brief 15.

The district court determined that NP LeCloux was entitled to summary judgment on plaintiff's ADA claim because that claim rested on his "disagreement with her choice of tests and treatments[.]" ER-24. Nothing in plaintiff's ADA claim against NP LeCloux, nor the district court's grant of summary judgment in her favor, involve discussion of NP LeCloux denying plaintiff access to the showers. The opening brief makes no argument and identifies no evidence to support the proposition that NP LeCloux denied plaintiff access to the showers. Indeed, there is none.

As with the proffered "legal error" the "record error" is not implicated in either plaintiff's claim against NP LeCloux or the district court's grant of summary judgment in her favor. Plaintiff argues that the district court improperly resolved a factual dispute in finding that plaintiff did not face a barrier to showering. Again, the district court's ruling on NP LeCloux's motion rested on the fact that plaintiff disagreed with NP LeCloux's treatment decisions; not on whether he faced a

11

barrier to showering. The opening brief makes no arguments and identifies no evidence that NP LeCloux acted in a manner that created a barrier to plaintiff's ability to shower. Nor is there evidence in the record to support such a claim or argument as to NP LeCloux.

The legal and record error identified by plaintiff in the opening brief do squarely address the district court's rationale for granting the State Defendants' summary judgment. Opening Brief 13-15; ER-27-28. But that ruling was made separate from the ruling on NP LeCloux's motion for summary judgment. Because the arguments made by plaintiff in the first assignment of error address the district court's ruling on plaintiff's ADA claim as to the State Defendants' only, the district court's ruling should be summarily affirmed as to NP LeCloux.

### D. The district court did not err in granting summary judgment to NP LeCloux on plaintiff's ADA claim because with respect to NP LeCloux the district court did not base it's ruling on whether she failed to accommodate plaintiff.

Plaintiff's "failure to accommodate" argument suffers from the same defect as the above; it does not grapple with the district court's reasons for granting NP LeCloux's motion for summary judgment. This Court should reject plaintiff's "failure to accommodate" arguments as to NP LeCloux because there is no

evidence that NP LeCloux failed to accommodate plaintiff, was in a position to do so, or that plaintiff was even making that argument as to NP LeCloux.

Notably, the opening brief argues that plaintiff made two proposals for accommodation: 1) the showers be promptly cleaned up; and 2) he be transferred to another institution. Opening Brief 17, citing ER-87. The ER citation is to a grievance appeal form in which plaintiff made those two requested accommodations. This grievance appeal form is stamped "Received" on July 16, 2020, over a month before NP LeCloux started working at TRCI. This claim and its arguments on appeal have nothing to do with this defendant. Plaintiff identifies no request for accommodation made to NP LeCloux and makes no argument in the opening brief that she failed to accommodate his disability or that she was in a position to do so. There is nothing in the record to base a ruling on with respect to those arguments and NP LeCloux.

## CONCLUSION

Fore all the foregoing reasons, NP LeCloux respectfully requests this Court affirm the District Court's grant of summary judgment to her on plaintiff's claims.

Date: March 6, 2023.

                              KEATING JONES HUGHES, P.C.

                              *s/Hillary A. Taylor*
                              Hillary A. Taylor, OSB No. 084909
                              Phone: 503.222.9955
                              htaylor@keatingjones.com
                              *Attorney for Defendant-Appellee Cynthia LeCloux*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6**

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** _____

The undersigned attorney or self-represented party states the following:

[ X ]  I am unaware of any related cases currently pending in this court.

[  ]  I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[  ]  I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** *s/Hillary A. Taylor*      **Date** 03/06/2023
*(use "s/[typed name]" to sign electronically filed documents)*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** <u>22-35749</u>

I am the attorney or self-represented party.

**This brief contains 2875 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ X ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** <u>s/Hillary A. Taylor</u>    **Date**  <u>03/06/2023</u>
*(use "s/[typed name]" to sign electronically-filed documents)*

1