**No. 22-35749**
_____

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**
_____

AARON DALE EATON,
*Plaintiff-Appellant*,

v.

TWO RIVERS CORRECTION INSTITUTION GRIEVANCE
COORDINATOR EYNON, et al.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Oregon,
No. 2:20-cv-1251-SI
District Judge Michael H. Simon
_____

**APPELLEE CYNTHIA LeCLOUX'S SUPPLEMENTAL EXCERPTS OF
RECORD**
_____

Hillary A. Taylor, OSB No. 084909
Trent Andreasen, OSB No. 195026
Keating Jones Hughes, P.C.
200 SW Market Street, Suite 900
Portland, OR 97201
Phone: 503.222.9955
htaylor@keatingjones.com
*Attorneys for Defendant-Appellee Cynthia
LeCloux*

## TABLE OF CONTENTS

| Document | File Date | USDC Dkt. No. | SER No. |
|---|---|---|---|
| NP LeCloux's Motion for Summary Judgment | 01/24/22 | #162 | SER-3 |
| NP LeCloux's Declaration in Support of Motion for Summary Judgment | 01/24/22 | #163 | SER-11 |
| Plaintiff's Response to NP LeCloux's Motion for Summary Judgment | 03/16/22 | #175 | SER-15 |
| NP LeCloux's Reply in Support of Motion for Summary Judgment | 03/30/22 | #179 | SER-26 |
| Declaration of Trent J. Andreasen in Support of Motion for Summary Judgment with Exhibits | 03/30/22 | #180 | SER-33 |

**Scott G. O'Donnell, OSB #933849**
sodonnell@keatingjones.com
**Trent J. Andreasen, OSB #195026**
tandreasen@keatingjones.com
Keating Jones Hughes PC
200 SW Market St., Suite 900
Portland, OR 97201-5730
Phone: (503) 222-9955
Fax: (503) 796-0699
Of Attorneys for Cynthia LeCloux

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

|  |  |
|---|---|
| AARON DALE EATON, | Case No. 2:20-cv-01251-SI |
| Plaintiff, | **DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT** |
| v. | By Cynthia LeCloux |
| Two Rivers Correctional Institution Grievance coordinator Eynon; Two Rivers Correctional Institution Grievance coordinator Rossi; Two Rivers Correctional Institution Physical Plant Manager Stark; Two Rivers Correctional Institution Physical Plant Assist. Manager Darcy; Two Rivers Correctional Institution Superintendent T. Blewett; Two Rivers Correctional Institution Provider Maney; Two Rivers Correctional Institution Provider Cynthia Lecloux; Two Rivers Correctional Institution Officer Willis; Two Rivers Correctional Institution Officer Lemmon; Two Rivers Correctional Institution Lieutenant Robinson, | |
| Defendants. | |

## LR 7-1(a) CERTIFICATION

Counsel for defendant Cynthia LeCloux, NP (hereinafter "Ms. LeCloux") certifies that

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 1

**KEATING JONES HUGHES P.C.**
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

opposing party, plaintiff, is a prisoner and not represented by counsel in this case.

## Motions

Pursuant to Federal Rules of Civil Procedure 56(a), Ms. LeCloux moves this court for an order granting summary judgment in her favor on plaintiff's claims against her.

In support of her motion, Ms. LeCloux relies on the pleadings of record, the Declaration of Cynthia LeCloux, N.P., and the following points and authorities.

## Introduction

Plaintiff Aaron Dale Eaton is an inmate at Two Rivers Correction Institution ("TRCI"). Plaintiff originally filed this lawsuit on July 30, 2020. Dkt #2. Over a year later, on August 25, 2021, plaintiff filed the fourth Amended Complaint, adding Ms. LeCloux as a defendant. Dkt #96.

Plaintiff brings the following claims: violations of his Eighth Amendment rights, violations of his First Amendment rights, violations of his Fourteenth Amendment rights, and violations of the American's with Disabilities Act. Fourth Amended Complaint p. 2. These claims arise out of allegations related to alleged exposure to mold. *Id.*

Plaintiff's claims against Ms. LeCloux are his first claim for relief, the Eighth Amendment violations, and his fourth claim for relief the violations of the ADA.[1] *Id.* at p. 18-21 and p. 23-26. Plaintiff alleges that Ms. LeCloux was one of his medical providers at all times relevant to the action. *Id.* at p. 3. He further alleges that she had the ability to order tests for his exposure to black mold, and that she failed to do so. *Id.* at p. 20. He alleges that this failure to have him tested for exposure to black mold violated the eighth amendment and the ADA.

---

[1] Plaintiff's second claim for relief asserts that his 1st Amendment rights were violated. He asserts in the heading that it is against all defendants but does not make any specific allegations as to how Ms. LeCloux violated his 1st Amendment rights. Similarly, Plaintiff's third claim for relief asserts that his 14th Amendment rights were violated. He asserts in the heading that it is against all defendants but does not make any specific allegations as to how Ms. LeCloux violated his 14th Amendment rights. To the extent the Court construes plaintiff's second or third claim for relief against Ms. LeCloux, Ms. LeCloux is entitled to summary judgment because plaintiff has failed to state a claim against her for either claim.

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 2

Doc No 1788111

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

## I.     Summary Judgment Standard

Fed. R. Civ. P. 56 provides for summary judgment when the court determines, after viewing the evidence in a light most favorable to the party opposing the motion, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (*citing Swayze v. U.S.*, 785 F.2d 715, 717 (9th Cir. 1986)).  The party opposing the summary judgment motion may not rest on conclusory allegations but must demonstrate through probative evidence that a genuine issue of fact exists for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact.  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989).  Summary judgment should be granted where the evidence is such that it "'would require a directed verdict for the moving party.'"  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct 2505, 91 L.Ed.2d 202 (1986) (*quoting Sartor v. Ark. Gas Corp.*, 321 U.S. 620, 624, 64 S.Ct 724, 88 L.Ed 967 (1944)).  The underlying substantive law governing the claims determines whether or not it is material.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (2000).

The moving party – Ms. LeCloux here – has the initial burden of pointing out the lack of any genuine issue of material fact, after which the non-moving party, to avoid summary judgment, must produce evidence sufficient to meet a burden of production on any issue on which he would bear the ultimate burden of persuasion at trial.  *Celotex Corp. v. Catrett*, 477 U.S. at 322-26 (setting out federal summary judgment framework).  The burden is on plaintiff to come forward with evidence demonstrating the existence of a material fact for trial.

## II.     Motion 1: Dismiss the 8th Amendment Claim

### a.  *Deliberate Indifference Standard.*

Plaintiff brings his first claim for relief for violations of the 8th Amendment through 42 U.S.C. §1983.  In a case against a correction healthcare provider, the standard for liability under

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 3

Doc No  1788111

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

§1983 is deliberate indifference. *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991). Prison officials must act with deliberate indifference towards a prisoner's serious medical need to be found in violation of the proscription of cruel and unusual punishment, which protects prisoners from the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The requirement of conduct that amounts to "deliberate indifference" provides an appropriate balance of prisoner's rights not to be punished, with the deference given to prison officials to manage prisons. *Redman*, 942 F.2d at 1440, n.7, 1443 (holding that "deliberate indifference" is the level of culpability pretrial detainees must establish for a violation of their personal security interest under the Fourteenth Amendment); *see also Whitley v. Albers*, 475 U.S. 312, 320, 106 S. Ct. 1078 (1986) (deliberate indifference standard is appropriately applied to medical needs of prisoners).

Courts have described deliberate indifference as "a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference is not established by the presence of a medical need alone. Rather, deliberate indifference requires a plaintiff to show (a) a purposeful act or purposeful failure to respond to a prisoner's pain or serious medical need, and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d at 1096. Thus, a plaintiff must allege facts which support an inference of awareness of a serious medical need and show that the defendant actually drew the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994).

Even gross negligence does not constitute deliberate indifference. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). An inadvertent failure to provide adequate medical care is not deliberate indifference. *Estelle,* 429 U.S. at 105-106. In instances where prison officials know of a substantial risk, they are free from liability if they respond reasonably to the risk, even if the harm is not averted. *Farmer v. Brennan*, 511 U.S. 825, 844, 114 S. Ct. 1970 (1994). Mere delay of treatment, without more, is insufficient to establish deliberate medical indifference.

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 4

Doc No 1788111

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

*Shapley v. Nevada Board of State Prison Commissioners*, 766 F.2d 404, 407 (9th Cir. 1985) (Plaintiff would need to show the delay caused him harm).

    *b.  Ms. LeCloux's Care was not Deliberately Indifferent.*

    As an initial point, plaintiff alleges that Ms. LeCloux was his medical provider at all times relevant to this action. Fourth Amended Complaint p. 3. Ms. LeCloux was at TRCI from August 25, 2020 to November 25, 2020 and again from January 11, 2021 to March 19, 2021. Decl. LeCloux ¶2. Thus, when plaintiff filed the original Complaint in this action, on July 30, 2020, he had never been seen by Ms. LeCloux, and the allegation that she was his provider at all times relevant to this action is incorrect.

    Ms. LeCloux did treat plaintiff during her limited time at TRCI, and her care was appropriate. For example, Ms. LeCloux saw plaintiff at a regularly scheduled Asthma and COPD visit on September 23, 2020. *Id*. at ¶3. At that appointment plaintiff informed Ms. LeCloux that the showers were being "worked on." *Id.* at ¶4. Ms. LeCloux evaluated plaintiff, performing a peak flow test, which despite a noted poor effort, was improved from previous peak flow tests. *Id*. at ¶3. Further, she continued plaintiff on his Short-Acting Beta Agonist inhaler for his asthma. *Id*. She performed an exam, and the findings were unremarkable. *Id*. Regardless, due to plaintiff's complaints that he was having trouble breathing, he was instructed to follow up in four weeks, instead of the typical four months. *Id*. at ¶4.

    Plaintiff returned to see Ms. LeCloux on October 25, 2020. She again performed an exam the findings of which were unremarkable. *Id*. at ¶5. Additionally, she ordered a pulmonary function test to better assess plaintiff's lung function. *Id*. Ms. LeCloux also ordered a trial of a Long-Acting Beta Agonist inhaler to treat his asthma and COPD. *Id*. The care provided by Ms. LeCloux was not deliberately indifferent.

    Ultimately, Ms. LeCloux was not deliberately indifferent to a serious medical need of plaintiff. When plaintiff presented to her for his asthma and COPD appointment, she tested his lung capacity, instructed a four week follow up, continued plaintiff on one type of inhaler, and

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 5

Doc No 1788111

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

proscribed plaintiff a second type of inhaler. Her time at TRCI was limited, and she was not able to follow plaintiff's course to a resolution. *Id.* at ¶6. However, the care she provided plaintiff was not deliberately indifferent, and Ms. LeCloux is entitled to judgment as a matter of law on plaintiff's 8th Amendment Claim against her.

### III. Motion 2: Dismiss the ADA Claim.

Plaintiff's fourth claim for relief is for violations of the ADA. To be successful on this claim, he will need to show: "1) he is a 'qualified individual with a disability'; 2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and 3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Updike v. Multnomah County*, 870 F.3d 939, 949 (9th Cir. 2017) (*quoting Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as am. on denial of reh'g en banc* (Oct. 11, 2001).

Importantly, ADA is not designed to provide a plaintiff with redress for inadequate medical treatment. *Simmons v. Navajo Cty.*, Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010). A plaintiff's disagreement with medical judgment is more appropriate for a medical malpractice claim, not the ADA. *Kiman v. New Hampshire Dept. of Correction*, 451 F.3d 274, 285 (5th Cir. 2006) *citing Lesley v. Hee Man Chie*, 250 F.3d 47, 58 (5th Cir. 2001); *see also Bryan v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (holding that a prison does not violate the ADA by "simply failing to attend to the medical needs of its disabled prisoners" because the "ADA does not create a remedy for medical malpractice").

Plaintiff alleges that Ms. LeCloux was deliberately indifferent in violation of the ADA by not ordering a test for mold exposure. Fourth Amended Complaint ¶143. Plaintiff asserts that he should have been diagnosed, treated, and the toxic exposure should have been eliminated. Fourth Amended Complaint ¶144.

Those claims do not meet the requirements of an ADA claim, and indeed sound more akin to a medical malpractice claim. For that reason alone, Ms. LeCloux is entitled to summary

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 6

Doc No 1788111

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

judgment on plaintiff's ADA Claim against her.

If the Court is inclined to consider plaintiff's allegations, his ADA Claim against Ms. LeCloux still fails. As outlined in Motion 1, Ms. LeCloux appropriately treated plaintiff when she saw him for his complaints of breathing difficulty at his asthma and COPD appointments.[2] Her care was not deliberately indifferent. Ms. LeCloux is entitled to Summary Judgment on plaintiff's ADA claim.

### Conclusion

For the foregoing reasons, defendant Cynthia LeCloux, NP, is entitled to judgment as a matter of law on the claims stated against her.

DATED this 24th day of January, 2022.

KEATING JONES HUGHES, P.C.


*/s/ Trent Andreasen*
Trent J. Andreasen, OSB No. 195026
tandreasen@keatingjones.com, FAX 503-796-0699
Of Attorneys for Cynthia LeCloux

Trial Attorney: Scott G. O'Donnell, OSB No. 933849

---

[2] Ms. LeCloux tested plaintiff's lung capacity, instructed him to follow up in 4 weeks, continued a Short-Acting Beta Agonist inhaler, and prescribed a trial of a Long-Acting Beta Agonist inhaler.

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 7

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT CYNTHIA LeCLOUX'S**

**MOTION FOR SUMMARY JUDGMENT** on the following:

Aaron Dale Eaton
Snake River Correctional Institution
Prisoner No. 14997682
777 Stanton Blvd
Ontario, OR 97914-8335
Email: SRCI_EFiling@doc.state.or.us
Pro Se

Vanessa A. Nordyke
Oregon Department of Justice
1162 Court St NE
Salem OR 97301
Phone: (503) 947-4700
Fax: (503) 947-4792
Email: vanessa.a.nordyke@doj.state.or.us
Of Attorneys for Two Rivers Correctional Institution Defendants

by electronically mailed notice from the court to above said attorneys on said day.

DATED this 24th day of January, 2022.

KEATING JONES HUGHES, P.C.

*/s/ Trent Andreasen*
Trent J. Andreasen, OSB No. 195026
tandreasen@keatingjones.com, FAX 503-796-0699
Of Attorneys for Cynthia LeCloux

Trial Attorney: Scott G. O'Donnell, OSB No. 933849

**CERTIFICATE OF SERVICE** - Page 8

Doc No 1788111

**Scott G. O'Donnell, OSB #933849**
sodonnell@keatingjones.com
**Trent J. Andreasen, OSB #195026**
tandreasen@keatingjones.com
Keating Jones Hughes PC
200 SW Market St., Suite 900
Portland, OR 97201-5730
Phone: (503) 222-9955
Fax: (503) 796-0699
Of Attorneys for Cynthia LeCloux

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

AARON DALE EATON,

        Plaintiff,

    v.

Two Rivers Correctional Institution
Grievance coordinator Eynon; Two Rivers
Correctional Institution Grievance
coordinator Rossi; Two Rivers Correctional
Institution Physical Plant Manager Stark;
Two Rivers Correctional Institution Physical
Plant Assist. Manager Darcy; Two Rivers
Correctional Institution Superintendent T.
Blewett; Two Rivers Correctional Institution
Provider Maney; Two Rivers Correctional
Institution Provider Cynthia Lecloux; Two
Rivers Correctional Institution Officer Willis;
Two Rivers Correctional Institution Officer
Lemmon; Two Rivers Correctional
Institution Lieutenant Robinson,

        Defendants.

Case No. 2:20-cv-01251-SI

**DECLARATION OF CYNTHIA
LECLOUX IN SUPPORT OF
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

By Cynthia LeCloux

    I, the undersigned, Cynthia LeCloux, F.N.P., do hereby declare under penalty of perjury

that the following is true and correct:

/ / /

**DECLARATION OF CYNTHIA LECLOUX IN SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - Page 1**

Doc No. 1803389

SER-11

1.   I make this declaration in support of Defendant Cynthia LeCloux's Motion for Summary Judgment.

2.   I am a licensed Family Nurse Practitioner, and I was assigned to work at Two River Correctional Institute from August 25, 2020 to November 25, 2020, and again from January 11, 2021 to March 19, 2021.

3.   During my time at Two Rivers Correctional Institute I provided plaintiff with medical care. I saw plaintiff on September 23, 2020, for his regularly scheduled Asthma/COPD visit. This exam was unremarkable, except for plaintiff's complaint that it was difficult to breathe. I had plaintiff perform a peak flow test; which, despite plaintiff's poor effort, showed improvement over his previous peak flow test. Peak flow is a simple measurement of how quickly you can blow air out of your lungs. It is often used to help diagnose and monitor asthma. I also checked his respiratory rate, pulse, blood pressure, and auscultated his lungs and all were within normal limits. The normal oxygen saturation level is above 94% and the plaintiff's level was 96-100%. Additionally, I continued the plaintiff on his Short-Acting Beta Agonist inhaler for his asthma and he was also taking an antihistamine medication.

4.   At the September 23rd appointment, he had mentioned mold in the showers and that the showers were being "worked on." Typically, asthma/COPD follow-up is scheduled every four months but based solely on the plaintiff's report of difficulty breathing, despite an unremarkable exam, a four-week follow-up visit was scheduled for re-evaluation.

5.   On October 25, 2020, I saw plaintiff for his follow up Asthma and COPD appointment. The plaintiff's exam was like the first exam and did not demonstrate any respiratory distress though the plaintiff again complained of having some difficulty breathing at times. Therefore, I ordered the plaintiff to undergo a Pulmonary Function Test. Pulmonary Function Tests (PFTs) are noninvasive tests that show how well the lungs are working. The tests measure lung volume, capacity, rates of flow, and gas exchange. I also ordered a trial of a Long-Acting Beta Agonist inhaler for the treatment of his asthma/COPD.

/ / /

**DECLARATION OF CYNTHIA LECLOUX IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** - Page 2

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

6.    My time working at TRCI was limited, and therefore my ability to follow plaintiff's course was hindered.  However, in my opinion as a Family Nurse Practitioner, the care plaintiff received was appropriate.

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this __7__ day of January, 2022.


_Cynthia LeCloux_
Cynthia LeCloux

**DECLARATION OF CYNTHIA LECLOUX IN SUPPORT OF DEFNEDANT'S MOTION FOR SUMMARY JUDGMENT  - Page 3**

Doc No. 1803389

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

SER-13

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DECLARATION OF CYNTHIA**

**LECLOUX IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

on the following:

> Aaron Dale Eaton
> Snake River Correctional Institution
> Prisoner No. 14997682
> 777 Stanton Blvd
> Ontario, OR 97914-8335
> Email: SRCI_EFiling@doc.state.or.us
> Pro Se
>
> Vanessa A. Nordyke
> Oregon Department of Justice
> 1162 Court St NE
> Salem OR 97301
> Phone: (503) 947-4700
> Fax: (503) 947-4792
> Email: vanessa.a.nordyke@doj.state.or.us
> Of Attorneys for Two Rivers Correctional Institution Defendants

by electronically mailed notice from the court to above said attorneys on said day.

DATED this 24th day of January, 2022.

KEATING JONES HUGHES, P.C.

*s/ Trent J. Andreasen*
Trent J. Andreasen, OSB No. 195026
tandreasen@keatingjones.com, FAX 503-796-0699
Of Attorneys for Cynthia LeCloux

Trial Attorney: Scott G. O'Donnell, OSB No. 933849

**CERTIFICATE OF SERVICE** - Page 4

Doc No. 1803389

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

**AARON DALE EATON,**
**PLAINTIFF**

**CASE NO.2:20-cv-01251-SI**

V

**Two Rivers Correctional Institution**
**Grievance coordinator Eynon; et. al.**
**IN THEIR INDIVIDUAL AND OFFICIAL**
**CAPACITIES AS APPROPRIATE,**
**DEFENDANTS.**

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S SUMMARY JUDGMENT**
**FOR LECLOUX**

### GREATINGS TO THE COURT AND TO THE HONORABLE JUDGE

Plaintiff, Pro- se, responds to the defendant's motion. Their motion is without merit and should be dismissed. This response is based upon the following exhibits, attachments, declarations, admissions made by the defendant, and eye witnesses to the issues at hand, the contents in the court's file in this matter and all proceeding pleadings, along with the plaintiff's verified complaint, and Dr. White's expert declaration. This response is verified under the penalty of perjury.

# INTRODUCTION

Defendant's have moved this court for summary judgment. Defendant's will attempt to show that plaintiff failed to state a claim under the Eighth Amendment and the ADA. Plaintiff will now lay out the unacknowledged actions that defendant Lecloux chose not to take creating the Eighth Amendment violation(s) and Plaintiff will provide this court his reasoning's as to why the defendant should be held to an ADA violation as well. Defendant has moved this court, so the plaintiff must now produce evidence to show plaintiff could prevail at a trial, all evidence must be viewed in the light most favorable to the plaintiff.

### A. Summary Judgment

To prevail on a motion for Summary judgment, the parties must show there is no genuine

dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Albino v. Baca, 747 f.3d 1162, 1166 (9th Cir. 2014) " If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under rule 56." the Court must Construe the evidence and draw all reasonable inferences in light most favorable to the non-moving party. Torres v. City of Madera, 648 F.3d 1119, 1123 (9th Cir. 2011).

The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party will bear the burden of proof at trial. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.C.t 2548, 91 L.Ed.2d 265(1986).

The burden of persuasion imposed on a moving party by Rule 56 is a stringent one. ^ moore 56.15[3], pp. 56-466;10A Write, Miller and Kane § 2727, p. 124. Summary Judgment should not be granted unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255,106 S.Ct. 2505---, 91 L.Ed.2d 202 (1986). And any doubt as to the existence of a genuine issue for trial should be resolved against the moving party, Adickes v. S.H. Kress & Co.,398 U.S. 144, 158-159,90 S.Ct. 1598, 1608-09, 26 L.Ed.2d 142 (1970).

In determining whether a moving party has met its burden of persuasion, the court is obligated to take account of the entire setting of the case and must consider all papers of record as well as any material prepared for this motion. 10A Write, Miller and Kane § 2727, p. 44; see, e.g., Stepanischen v. Merchants Despatch Transportation Corp., 722 F.2d 922,930 (CA 1 1983 ); Higgenbotham v. Oscher Foundation Hospital, 607 F.2d 653, 656 ( CA 5 1979).

As explained by the Court of Appeals for the third circuit in re Japanese Electronic Products Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "[i]f... there is any evidence in the record from any source from which a reasonable inference in the [ non-moving part's ] favor may be drawn, the moving party simply cannot obtain a summary judgment...."

723 F2d, 258.

Once the moving party has attacked whatever evidence—if any—the non-moving party purports to rely upon, the burden of production shifts to the non-moving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing why further discovery is necessary as provided in Rule 56(f). 10A Write, Miller and Kane § 2727, p. 138-143.

Summary judgment should be granted if the non-moving party fails to respond in one or more of these ways, or if, after the non-moving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial. See, e.g., First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575 1592, 20 L.Ed.2d 569 (1968).

Where the non-moving party in a summery judgment motion is a pro-se litigant, the court must consider as evidence in opposition to summery judgment all of the non-moving parties contentions set forth in a verified complaint or motion; Plaintiff's complaint is verified and there will be a verification attached to this for the motions set forth in this opposition/motion. A verified complaint is to be treated as an affidavit for summery judgment purposes, Schroader v. McDonald, 55 F.3d 454 (9th Cir. 1995) all the statements made in the verified complaint are made from personal knowledge Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055 ( 9th Cir. 2012).

When a non-moving party relies on his own affidavit to oppose a summery judgment motion, the affidavit may not be concessionary or unsupported by factual data.

But plaintiff contends that there are genuine issues of material fact for trial as outlined in his verified complaint and now the court is obligated to take account of the entire setting of this case. This court must consider all papers of record as well as any materials prepared for the motion.

## Plaintiff's Eighth Amendment argument

Defendant Lecloux had the requisite knowledge of the substantial risk of harm by her own admission,(see defendant Lecloux's declaration para. 4.) plaintiff personally informed the defendant on scheduled visits, ( see verified complaint para. (109)) At times relevant to this action, Cynthia Lecloux was Mr. Eaton's Medical Provider, and had the ability to test Mr. Eaton for the mold exposure that he has regularly complained of while being seen at scheduled appointments,) the idea that those visits were only for plaintiff's asthma and or COPD is a frivolous argument as defendant admits to the fact that plaintiff did inform defendant yet defendant chose to treat asthma and COPD while not even taking steps to diagnose plaintiff for environmental mold exposure. (see exhibit attachments and 4th Amended Verified Complaint with original documents filed, this court is asked to take all documents that was and has been supplied to this court and incorporate them into this response for opposition to summary judgment. And declaration of Aaron Eaton 3-1-22, "...took no steps to diagnose me for exposure to molds" )

Defendants move to dismiss provider Lecloux, alleging that the plaintiff fails to show deliberate indifference to a serious medical need. This allegation is entirely misleading and is completely without merit and is a frivolous pleading. Lecloux is one of the health care providers at TRCI who have overseen the plaintiff's medical needs. Plaintiff made the appropriate complaints to TRCI medical. **( Pg. 4 para. 21 and Pg. 5 para. 25,30 and Pg. 17 Para. 103 and Pg. 18 para. 109 verified complaint and defendant's own declaration para. 4. )** Plaintiff communicated very clearly to Lecloux by her own admissions, all the symptoms plaintiff was suffering from.**( see defendant Lecloux's motion for summary judgment and Plaintiff's verified complaint Pg. 5 para. 30 and Pg. 16 Para. 98, 99 and Pg. 18 para. 109 )** Plaintiff was seen by Lecloux on many subsequent medical appointments and was prescribed breathing enhancers, **( Pg.16 para. 98,99 and Pg. 18 para. 109, verified complaint and declaration of Aaron Eaton 3-10-22 'prescription with Lecloux as provider' "Provider Lecloux**

prescribed me inhalers for my asthma..." and defendant's own declaration para. 5.) and plaintiff continued to make the same complaints ( Pg.(s) 3 through 18, Statement of Facts and Factual Allegations verified complaint and defendant's own declaration para. 4. 5. and 3.) which should have been sufficient to alert authorities of the mold problem ( declaration of Doctor Michael C. White #4 ) Plaintiff was not receiving the medical care that would be the community standard of care ( declaration of Doctor Michael C. White #5 )

Plaintiff was suffering an onslaught of serious medical symptoms that a " band aid on a bullet hole" Albuterol inhaler was not going to fix, fact is plaintiff just saw the provider here at Snake river Correctional Inst. And was plainly told that the treatment plaintiff was receiving was not for COPD and in fact could cause further harm to his respiratory system, this statement was made by Dr. Gulick with in the last week. (see declaration Aaron Dale Eaton dated 2-16-22 the entire declaration ) There are standard steps that any U.S doctor would take if they had been the provider for any person complaining of toxic mold exposure. ( declaration of Doctor Michael C. White #5 )

Fact is Dr. Gulick heard plaintiff's complaints and ordered a P.F.T.(pulmonary function test) which has showed further damage to plaintiff's lungs, (that could have been avoided) just like the previous test did the difference is this time actions are ordered (see declaration declaration Aaron Dale Eaton dated 2-16-22 "...Dr. Gulick also ordered "imaging" of plaintiff's lungs..." which was just now taken on 2-23-22.)

Plaintiff has asked for these records in a production request on 2-23-22, but has not been provided these as defendant's take so long to respond to any request made by plaintiff, and if the past is any indicator of what is to come plaintiff will need to file a motion to compel in order to get these documents which will be to late for this summary judgment response. (see Exhibits of denial to produce, a motion to compel is forthcoming.)

Whether defendant Lecloux acted with deliberate indifference in the treatment requires both an objective and subjective Component.

A. The Eighth Amendment protects an inmate from being held in conditions that cause current and future harm. Helling v. Mckinney, US 25,33(1993). Here plaintiff has suffered further harms as his asthma is now being considered as COPD and Emphysema by Dr. Gulick who has ordered additional pulmonary test and imaging of plaintiff's lungs due to the further damage done to plaintiff's breathing abilities.( see declaration of Aaron Eaton dated 2-16-22 ) There could be future harms as well,(see Dr. White's declaration "...irreparable organ damage...")

Defendant Lecloux could have moved plaintiff with the easy actions of a medical move or even to let plaintiff use the shower down in the medical dept.(see declaration of Aaron Dale Eaton 3-15-22 "...Lecloux could have moved me, set appointment with doctor...") yet chose not to, even after plaintiff informed defendant, by her own admission. Medical does housing unit moves, or medical showers all the time, for medical needs and because plaintiff informed the defendant and she took no action concerning the exposure to molds, when she could have, that is deliberate indifference, because those actions could have stopped further damage to plaintiff's ability to properly breath, and the actions could have helped to prevent future harms to plaintiff's health, like irreparable organ damage.

To prevail under the Eighth Amendment, plaintiff must show "deliberate indifference to a serious medical need," Estelle v. Gamble, 429 US 97, 106 (1976). Defendant Lecloux chose not to act in simple ways (see declaration of Aaron Dale Eaton 3-15-22) that could have helped prevented the further injuries from happening.

The deprivation suffered must be sufficiently serious, and prison officials were " deliberately indifferent" to the deprivation. Farmer v. Brennon, 511US 825, 834 (1994). Here the deprivation of proper oxygen to the lungs for even short times when the defendant could have prevented the deprivation is cruel and unusual, not to mention that plaintiff could also suffer future harms like irreparable organ damage. (see Dr. White's declaration #7 "...Ignoring environmental mold exposure places individuals in further danger for more serious health issues..." and #5"...irreparable organ damage...")

Whether illness or injury demonstrates sufficient harm is vied through an objected lens. Helling v. Mckinney, US 25,36 (1993). Here the objectiveness is easily seen as the defendant admits to the fact that plaintiff informed her and she took no measures to abate the exposure to molds, those measures were plainly within her authority. Objective findings are those findings which cannot come under the voluntary control of the patient. Rippe v. Logging, 100 Ark. App. 227, 232, 266 S.W.3d 217, 221 (Ark. Ct. App. 2007) (Baker, J.). Plaintiff could not move or allow himself to use the showers in medical, nor could plaintiff diagnose and treat himself.

Officials act with deliberate indifference when they: (1) have subjective knowledge of the risk or those risk are "obvious," Lecloux has admitted to knowing that plaintiff complained of exposure to environmental molds and that the exposure was linked to his breathing abilities. and (2) fail to take reasonable action to abate those risk. Lecloux's "reasonable action" could have been to moved plaintiff, ordered imaging, order blood work, request that a doctor see plaintiff, but she chose, not to take any of these actions, that could have helped to eliminate the exposure to the molds, or help to prevent future harms. Lemire v. Cal. Dept. Of Corrections & Rehab., 726 F3d 1062, 1078 (9th cir. 2013) ( quoting Farmer 511 US 842); Delgado v. Barns, 465 F. App' x 712-713 (9th cir. 2012). Even if an official has a strong suspicion that a risk exists- they may not ignore that suspicion or refuse to verify relevant facts. Instead- they must investigate the matter and fugue out whether a substantial risk of serious harm really exists. Farmer v. Brennon, 511 US 825, 834 (1994). Here plaintiff informed the defendant and she admits to this. Defendant has admitted to subjective knowledge which makes it "obvious," the defendant failed to take reasonable action to abate those risk, by not using her medical powers to move plaintiff, or to order imaging of plaintiff's lungs, or request that a doctor look at plaintiff, which could have helped to diagnose plaintiff and stopped any further harms from happening.

Lecloux stated that she inquired about the mold (see Defendant Lecloux's written deposition #4) and was informed of it, then was told that the institution was taking actions to fix the mold exposure, at this time Lecloux should have moved plaintiff to a non-threatening environment, or allowed plaintiff to

use the showers in medical, or ordered imaging or blood work. Lemire v. Cal. Dept. Of Corrections & Rehab., 726 F3d 1062, 1078 (9ᵗʰ cir. 2013) ( quoting Farmer 511 US 842); Delgado v. Barns, 465 F. App' x 712-713 (9ᵗʰ cir. 2012).

The Farmer standard is not designed to give officials the motivation to "take refuge" in the zone between ignorance and actual knowledge when it is obvious that they are being deliberately indifferent. Notice that defendant is not relying on the medical charts, that is because those charts show that plaintiff has medical issues (see attached medical records to plaintiff's first response to defendant's motion for summary judgment in doc.121 dated 10-28-21) that the defendant could have taken actions to prevent. Another point is, the only reason plaintiff was seen for the asthma and COPD was because the plaintiff was complaining of the mold exposure causing breathing issues, to note "breathing issues" helps to substantiate the issues plaintiff was complaining of, mold exposure.

Now in the motion for summary judgment Lecloux states, Plaintiff was seen on 9-23-2020, and 10-25-2020 there was more times but let us focus on those, on the 9-23 visit plaintiff told Lecloux that there was molds on the unit and it was effecting his breathing,(see response to question #3 of Lecloux's written deposition "I recall plaintiff saying something about mold in the showers...") Lecloux took steps to confirm the molds (see response to question #4 Lecloux written Deposition, "I recall inquiring about mold in the showers...") at the point Lecloux verified that there was mold in the unit showers, she then should have taken action to move plaintiff, schedule a doctor to see plaintiff, or at least start the process to diagnose plaintiff for the exposure to environmental molds yet chose to hide in the " zone between ignorance and actual knowledge" that is mentioned in Farmer which providers are to stay away from.

Lecloux confirmed the mold in the showers, then takes no actions to move plaintiff or to allow the plaintiff to use the medical showers or to diagnose plaintiff, including a request to have plaintiff be seen by a doctor, unless the defendant is saying she is just as qualified as a doctor? That of course is a question of fact for a jury.

Also the fact that Lecloux states that she prescribed plaintiff "long acting beta agonist inhaler to treat his asthma and copd" ( see Declaration of Lecloux para.5"...I also ordered a trial of a long acting Beta Agonist Inhaler for treatment of his asthma/COPD.") show's this court that she did in-fact thinks there was a medical issue with plaintiff's lungs and, his breathing was not correct, or she just needlessly prescribes medications to individuals, but this is a question of fact that is subject to be brought to a jury.

ADA-DISABILITIES ARGUMENT

The defendant moves to dismiss the ADA claim, the defendant is saying that plaintiff is using the ADA as redress for medical treatment, this simply is not the case, plaintiff is saying that the defendant could have taken actions that plaintiff was not able to without the defendant's authority, that being a simple move off the unit, that was infested with the molds. The move would have been a remedy that was needed yet not a prescription for drugs. Defendant Lecloux could have abated this issue and chose not to take any actions within her authority, including but not limited to a physical move, or the use of medical showers.

Now §35 (see§35.101—190 attached) facilities must provide "usable" facilities for ADA persons. Because defendant Lecloux verified the mold and had the authority to move, or allow plaintiff to shower in a safe mold free environment, defendant opens herself up to an ADA claim.

All employees including medical staff have a duty to provide all AIC's safe facilities to use, Lecloux being one that first verified the molds existence and having the authority to allow the use of medical showers and or a move, defendant Lecloux could have modified the environment in which plaintiff was forced to use. These actions could have made plaintiff's environment ADA accessible.

Defendant also says plaintiff was appropriately treated, yet by even Dr. Gulick's statement made to plaintiff (see declaration Aaron Dale Eaton 2-16-22) this is not true.( also see declaration of Dr. white) Defendant could have ordered imaging, blood tests, outside consultant, in-house doctor, showers in medical, a move to another unit all this could have been completed by Lecloux yet plaintiff has had to wait till he got to a new institution to even start to diagnose the issue of not breathing properly, due

to the exposure. (see Dr. White's declaration)

PLAINTIFF'S CLOSING ARGUMENT

Providers in the institutional settings have routinely ordered multiple test to diagnose patients, yet defendant Lecloux did not order tests to correspond with the inhalers she prescribed even though she knew that there was more issues going on then just asthma, fact she did not look to closely at plaintiff's chart or she would have prescribed plaintiff some kind of treatment for his COPD and if she would have taken some kind of action to diagnose plaintiff and treat plaintiff then plaintiff might be able to breath today, but that is not the case. Dr. Gulick is just now able to start the process that should have been started under defendant Lecloux's watch at TRCI.

Defendant Lecloux is a nurse, not a doctor, Defendant should have referred plaintiff to a doctor at the very least, unless Lecloux is saying she has just as much qualifications as Dr. White does, but again this would be a question of fact for a jury.

Plaintiff also points out that deliberate indifference boils down to, **(ONE)** that the defendant knew of a medical need, this the defendant admitted to this court, when she said that plaintiff informed her of the mold exposure, any community doctor would have taken steps with the information at hand **(TWO)** no action being taken to diagnose and treat the plaintiff, this the defendant admits to as well when she tells this court that she treated plaintiff for asthma, yet took no steps to diagnose, treat or to even start the process for the mold exposure that plaintiff complained of.

Let me pose a couple of questions that a jury should have the opportunity to decide:

ONE, Is mold exposure a serious medical need when that individual is being treated for COPD and other respiratory issues and that exposure could be the cause of that individuals breathing issues?

TWO. How long should an individual be deprived of the ability to proper breath after telling the medical dept. on visits that his breathing is not good and the current medication is not helping?

THREE, How many times does an "Adult In Custody" have to notify medical that his breathing is not good before it is deliberate indifference?

SER-24

FOUR, Is breathing molds in to the lungs from a shower, a serious medical issue that rises to a serious medical need for an individual diagnosed with respiratory issues?

FIVE, Is the lack of action by defendant Lecloux more then negligence?

For the above reasons plaintiff says there is material issues of facts and this defendant is ripe for being held accountable in this court of law.

Dated, this 16th day of March, 2022

AARON DALE EATON

**I, Aaron Dale Eaton, duly sworn, do declare to be true and the best of my belief and knowledge under penalty of perjury and is meant to be used in open court to oppose defendant's summary judgment motion and all other prior materials submitted are true and correct and are being requested to be used in this response as well; I am over the age of twenty-one (21) and have personal knowledge of the matters stated herein; I have resided here in the care and custody of O.D.O.C. Since: 2017.**

Scott G. O'Donnell, OSB #933849
sodonnell@keatingjones.com
**Trent J. Andreasen, OSB #195026**
tandreasen@keatingjones.com
Keating Jones Hughes PC
200 SW Market St., Suite 900
Portland, OR 97201-5730
Phone: (503) 222-9955
Fax: (503) 796-0699
Of Attorneys for Cynthia LeCloux

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

|  |  |
|---|---|
| AARON DALE EATON,<br><br>         Plaintiff,<br><br>   v.<br><br>Two Rivers Correctional Institution Grievance coordinator Eynon; Two Rivers Correctional Institution Grievance coordinator Rossi; Two Rivers Correctional Institution Physical Plant Manager Stark; Two Rivers Correctional Institution Physical Plant Assist. Manager Darcy; Two Rivers Correctional Institution Superintendent T. Blewett; Two Rivers Correctional Institution Provider Maney; Two Rivers Correctional Institution Provider Cynthia Lecloux; Two Rivers Correctional Institution Officer Willis; Two Rivers Correctional Institution Officer Lemmon; Two Rivers Correctional Institution Lieutenant Robinson,<br><br>         Defendants. | Case No. 2:20-cv-01251-SI<br><br>**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**<br><br>By Cynthia LeCloux |

## Reply

Defendant Cynthia LeCloux, F.N.P. ("Ms. LeCloux") filed a Motion for Summary

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN
SUPPORT OF HER MOTION FOR SUMMARY
JUDGMENT** - Page 1

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

Judgment on January 24, 2022, against the two claims brought against her by plaintiff in his Fourth Amended Complaint.  Plaintiff's Response, filed on March 16, 2022, fails to create a question of fact as to either claim.  Thus, Ms. LeCloux is entitled to summary judgment.

Argument

## Motion 1:  8th Amendment Claim

Ms. LeCloux's first motion seeks judgment in her favor on plaintiff's 8th Amendment claim, which alleges she was deliberately indifferent to a serious medical need of plaintiff during her time providing care at Two Rivers Correctional Institution ("TRCI").  As explained more fully below, plaintiff's Response does not supply evidence which creates an issue of material fact as to whether Ms. LeCloux violated the high standard of deliberate indifference.  Consequently, Ms. LeCloux is entitled to summary judgment.

### a.  Deliberate Indifference Standard

The deliberate indifference standard, which is the standard for liability in §1983 claims against correctional healthcare providers, is a high standard for a plaintiff to meet.  *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991).  A simple difference in medical opinion does not establish deliberate indifference.  *Toguchi v. Chung*, 391 F3d 1051, 1058 (9th Cir. 2004).  It requires a showing of two things by plaintiff: 1) a purposeful act or purposeful failure to respond to a prisoner's pain or serious medical need; and 2) harm caused by the indifference.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Notably, the inadvertent failure to provide adequate medical care is not deliberate indifference.  *Estelle v. Gamble*, 429 U.S. 97, 105-106, (1976).  Indeed, gross negligence is not enough to establish deliberate indifference.  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  Prison officials act with deliberate indifference to serious medical needs when they "'deny, delay or intentionally interfere with medical treatment.'"  *Id*. (*quoting Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)).

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT  -** Page 2

Doc No  1866964

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

SER-27

*b. Dr. White's Declaration is Insufficient to Create a Question of Fact.*

Plaintiff's Response relies heavily on the declaration of Michael C. White, MD ("Dr. White") to create issue of fact as to whether Ms. LeCloux was deliberately indifferent. Plaintiff's reliance is misplaced because Dr. White's declaration does not comment on the care provided by Ms. LeCloux.

Dr. White's declaration states that, at the request of plaintiff, he "reviewed current and past literature regarding health effects of mold and fungus exposure" and was offering his "declaration in respect to this." Dkt # 176, p. 9. Dr. White's declaration does not contemplate any of the medical care plaintiff received from any provider at TRCI, including Ms. LeCloux. The declaration is not made based on Dr. White's review of plaintiff's medical records. The declaration is not made based on a physical examination of plaintiff. His declaration does not say Ms. LeCloux purposefully acted, or purposefully failed to act in any way. Further, it does not say that any actions taken, or not taken, by Ms. LeCloux caused plaintiff harm. Simply put, Dr. White's declaration does not speak to the adequacy of the care Ms. LeCloux provided. Thus, his declaration cannot create a genuine material issue of fact as to whether Ms. LeCloux was deliberately indifferent in her care of plaintiff.

Moreover, Dr. White's declaration undermines plaintiff's 8th Amendment claim. Dr. White's declaration states that "there are no reliable tests available for mold related diseases and that specific mold identification is controversial and usually not needed." Dkt # 176, p. 10. Plaintiff's 8th Amendment claim asserts that Ms. LeCloux was deliberately indifferent because she "had the ability to test [plaintiff] for the mold exposure***and or order an evaluation to confirm the mold exposure." Dkt # 96, p. 20-21. Plaintiff's own expert states that testing for mold exposure, which plaintiff alleges Ms. LeCloux should have done, is not necessary nor reliable.

Because Dr. White's declaration does not offer a commentary on the care provided by

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT - Page 3**

Doc No 1866964

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

Ms. LeCloux, it cannot create an issue of fact as related to plaintiff's 8th Amendment claim against Ms. LeCloux.  Further, Dr. White's declaration undermines plaintiff's 8th Amendment claim that Ms. LeCloux was deliberately indifferent.

   *c. The Record Establishes Ms. LeCloux was not Deliberately Indifferent.*

The record and evidence before this Court show that Ms. LeCloux was not deliberately indifferent in the care provided to plaintiff, despite plaintiff's contentions to the contrary.

Plaintiff's Response makes arguments about what he believes Ms. LeCloux should or could have done to treat him.  Dkt # 175, p. 6-9.  As explained above, a difference in medical opinion is not enough to establish deliberate indifference by a correctional healthcare provider.  *Toguchi*, 391 F.3d 1058.  There needs to be a deliberate act, or failure to act, in response to a serious medical need.  *Jett*, 439 F.3d 1096.  Plaintiff's belief that he should have received alternative forms of care cannot establish that Ms. LeCloux was deliberately indifferent.

Plaintiff also argues throughout his Response that Ms. LeCloux's declaration filed in support of her Motion for Summary Judgment, and her responses to written deposition questions, create an issue of fact as to whether she was deliberately indifferent.  Dkt. # 175 p. 4-11.  Specifically, he refers to the fact that Ms. LeCloux acknowledged that plaintiff complained of mold at a September 23, 2020, appointment, and that Ms. LeCloux asked other staff at TRCI about plaintiff's statement.  Dkt # 175, p. 7-8.

What this evidence shows is that Ms. LeCloux was not deliberately indifferent to plaintiff's medical needs.  Ms. LeCloux believed that plaintiff's exposure to the mold was being addressed by plaintiff's own statement and what she was told.  Decl. Andreasen, ¶2 Ex. 1.  Ms. LeCloux's Declaration shows she treated plaintiff's concerns about respiratory issues seriously.  She performed clinical evaluations of plaintiff.  Dkt # 163, p. 2.  Despite her examination being unremarkable, she instructed him to follow-up based on plaintiff's description of his symptoms.  *Id*.  She ordered a trial of an alternative breathing aid and ordered a pulmonary function test.  *Id*.

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT - Page 4**

Doc No  1866964

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

Contrary to plaintiff's arguments, the record establishes that Ms. LeCloux's care during her limited time working at TRCI was not deliberately indifferent. She did not purposefully act or fail to act in response to plaintiff's medical needs. She did not delay treatment, she did not deny treatment, and she did not intentionally interfere with his treatment. The evidence before this Court reveals there is no issue of fact as to whether her care was deliberately indifferent; it was not. Ms. LeCloux is entitled to summary judgment on plaintiff's 8th Amendment claim.

**Motion 2: ADA Claim**

Ms. LeCloux's second motion seeks judgment in her favor on plaintiff's ADA claim against her. As outlined in Ms. LeCloux's Motion for Summary Judgment, for plaintiff to be successful on a claim for violation of the ADA, he must show that "1) he is a 'qualified individual with a disability'; 2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and 3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Updike v. Multnomah County*, 870 F.3d 939, 949 (9th Cir. 2017) (*quoting Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as am. on denial of reh'g en banc* (Oct. 11, 2001). Furthermore, it is well established that the ADA does not provide redress for inadequate medical treatment. *Simmons v. Navajo City.,* Ariz., 609 F.3d 1011, 1022 (9th Cir. 2019).

Plaintiff's Fourth Amended Complaint alleges Ms. LeCloux violated the ADA in not ordering a test for mold exposure, and in not diagnosing, treating, and eliminating the toxic exposure. Dkt # 96, p. 26. These claims plainly do not fit the contours of a claim for violation of the ADA. Plaintiff's Response argues Ms. LeCloux should have taken different action in her treatment. Dkt # 175, p. 9-10. It does not argue that Ms. LeCloux discriminated against plaintiff based on his disability. Thus, Ms. LeCloux is entitled to judgment as a matter of law.

/ / /

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT - Page 5**

Doc No 1866964

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

**Conclusion**

For the foregoing reasons, Ms. LeCloux is entitled to summary judgment on plaintiff's claims asserted against her in the Fourth Amended Complaint.

DATED this 30th day of March, 2022.

KEATING JONES HUGHES, P.C.

*s/ Trent J. Andreasen*

Trent J. Andreasen, OSB No. 195026
503-222-9955
Attorneys for Cynthia LeCloux

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT  - Page 6**

Doc No  1866964

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT** on the following:

Aaron Dale Eaton
Snake River Correctional Institution
Prisoner No. 14997682
777 Stanton Blvd
Ontario, OR 97914-8335
Pro Se

Vanessa A. Nordyke
Oregon Department of Justice
1162 Court St NE
Salem OR 97301
Phone: (503) 947-4700
Fax: (503) 947-4792
Email: vanessa.a.nordyke@doj.state.or.us
Of Attorneys for Two Rivers Correctional Institution Defendants

by electronically mailed notice from the court to above said attorneys on said day.

DATED this 30th day of March, 2022.

KEATING JONES HUGHES, P.C.

*s/ Trent J. Andreasen*

Trent J. Andreasen, OSB No. 195026
tandreasen@keatingjones.com, FAX 503-796-0699
Of Attorneys for Cynthia LeCloux

Trial Attorney: Scott G. O'Donnell, OSB No. 933849

**CERTIFICATE OF SERVICE** - Page 7

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

**Scott G. O'Donnell, OSB #933849**
sodonnell@keatingjones.com
**Trent J. Andreasen, OSB #195026**
tandreasen@keatingjones.com
Keating Jones Hughes PC
200 SW Market St., Suite 900
Portland, OR 97201-5730
Phone: (503) 222-9955
Fax: (503) 796-0699
Of Attorneys for Cynthia LeCloux

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

|  |  |
|---|---|
| AARON DALE EATON, | Case No. 2:20-cv-01251-SI |
| Plaintiff, | **DECLARATION OF TRENT J. ANDREASEN IN SUPPORT OF DEFENDANT CYNTHIA Le CLOUX'S REPLY ON HER MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Two Rivers Correctional Institution Grievance coordinator Eynon; Two Rivers Correctional Institution Grievance coordinator Rossi; Two Rivers Correctional Institution Physical Plant Manager Stark; Two Rivers Correctional Institution Physical Plant Assist. Manager Darcy; Two Rivers Correctional Institution Superintendent T. Blewett; Two Rivers Correctional Institution Provider Maney; Two Rivers Correctional Institution Provider Cynthia Lecloux; Two Rivers Correctional Institution Officer Willis; Two Rivers Correctional Institution Officer Lemmon; Two Rivers Correctional Institution Lieutenant Robinson, | By Cynthia LeCloux |
| Defendants. | |

I, Trent J. Andreasen, hereby declare:

    1.  I am an attorney licensed to practice law in the State of Oregon.  I am one of the

**DECLARATION OF TRENT J. ANDREASEN IN SUPPORT OF DEFENDANT CYNTHIA Le CLOUX'S REPLY ON HER MOTION FOR SUMMARY JUDGMENT - Page 1**

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

Doc No  1871044

attorneys who has been retained to represent defendant Cynthia LeCloux in the above-captioned case.

2.  Attached as Exhibit 1 is a true and correct copy of Defendant LeCloux's Response to Plaintiff's Written Deposition.

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 30th day of March, 2022.

KEATING JONES HUGHES, P.C.

s/ Trent J. Andreasen
Trent J. Andreasen, OSB No. 195026
503-222-9955
Attorneys for Cynthia LeCloux

**DECLARATION OF TRENT J. ANDREASEN IN SUPPORT OF DEFENDANT CYNTHIA Le CLOUX'S REPLY ON HER MOTION FOR SUMMARY JUDGMENT -** Page 2

Doc No  1871044

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DECLARATION OF TRENT J.**

**ANDREASEN IN SUPPORT OF DEFENDANT CYNTHIA Le CLOUX'S REPLY ON**

**HER MOTION FOR SUMMARY JUDGMENT** on the following:

Aaron Dale Eaton
Snake River Correctional Institution
Prisoner No. 14997682
777 Stanton Blvd
Ontario, OR 97914-8335
Pro Se

Vanessa A. Nordyke
Oregon Department of Justice
1162 Court St NE
Salem OR 97301
Phone: (503) 947-4700
Fax: (503) 947-4792
Email: vanessa.a.nordyke@doj.state.or.us
Of Attorneys for Two Rivers Correctional Institution Defendants

by electronically mailed notice from the court to above said attorneys on said day.

DATED this 30th day of March, 2022.

KEATING JONES HUGHES, P.C.

s/ Trent J. Andreasen
_____
Trent J. Andreasen, OSB No. 195026
tandreasen@keatingjones.com, FAX 503-796-0699
Of Attorneys for Cynthia LeCloux

Trial Attorney: Scott G. O'Donnell, OSB No. 933849

**CERTIFICATE OF SERVICE** - Page 3

Doc No 1871044

**KEATING JONES HUGHES P.C.**
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

SER-35

**Scott G. O'Donnell, OSB #933849**
sodonnell@keatingjones.com
**Trent J. Andreasen, OSB #195026**
tandreasen@keatingjones.com
Keating Jones Hughes PC
200 SW Market St., Suite 900
Portland, OR 97201-5730
Phone: (503) 222-9955
Fax: (503) 796-0699
Of Attorneys for Cynthia LeCloux

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| AARON DALE EATON,<br><br>   Plaintiff,<br><br>  v.<br><br>Two Rivers Correctional Institution Grievance coordinator Eynon; Two Rivers Correctional Institution Grievance coordinator Rossi; Two Rivers Correctional Institution Physical Plant Manager Stark; Two Rivers Correctional Institution Physical Plant Assist. Manager Darcy; Two Rivers Correctional Institution Superintendent T. Blewett; Two Rivers Correctional Institution Provider Maney; Two Rivers Correctional Institution Provider Cynthia Lecloux; Two Rivers Correctional Institution Officer Willis; Two Rivers Correctional Institution Officer Lemmon; Two Rivers Correctional Institution Lieutenant Robinson,<br><br>   Defendants. | Case No. 2:20-cv-01251-SI<br><br>**DEFENDANT LeCLOUX'S RESPONSE TO PLAINTIFF'S WRITTEN DEPOSITION**<br><br>By Cynthia LeCloux |

## WRITTEN DEPOSITION

Defendant LeCloux responds to Plaintiff's Written Deposition questions as follows:

**QUESTION NO. 1**: Were you one of the providers responsible for the care of Mr. Eaton

**DEFENDANT LeCLOUX'S RESPONSE TO PLAINTIFF'S WRITTEN DEPOSITION** - Page 1

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5955
(503) 222-9955

while he was housed at TRCI.

**RESPONSE**:  I worked at TRCI from August 25, 2020, to November 25, 2020, and again from January 11, 2021, to March 19, 2021.  During my employment I was one of the providers who treated plaintiff.

**QUESTION NO. 2**:  Please explain your understanding of how the responsibilities among the providers at the TWO RIVERS CORR. INST. are handed out.

**RESPONSE**:  The Clinic Nurse made schedules based on provider availability.

**QUESTION NO. 3**:  Please explain the complete circumstances involving Mr. Eaton and his attempts to notify the Medical Dept. at TRCI that he was exposed to molds, like when Mr. Eaton informed you of the mold exposure and, his belief that the exposure was causing his breathing issues, in our appointments with Mr. Eaton.

**RESPONSE**:  I am unable to explain the complete circumstances involving all aspects of plaintiff's care.  I recall plaintiff saying something about mold in the showers and that the showers were being worked on.  As to the complete circumstances involving plaintiff's attempts to notify the Medical Department at TRCI of the mold in the showers, as previously stated my time as a provider at TRCI was limited and did not begin until after plaintiff initiated this lawsuit.  As such, I am unable to answer what the complete circumstances were related to plaintiff's attempts to notify the Medical Department at TRCI of the mold.

**QUESTION NO. 4**:  Have you had any conversations with any person at TRCI about the mold(s) and the possibility of the exposure causing long lasting injuries to the exposed individuals.  Please provide the names of the individual(s) and explain how this conversation was started.

**RESPONSE**:  I recall inquiring about mold in the showers and being informed that it was being taken care of.  I have no memory of whom that conversation was with.

**QUESTION NO. 5**:  In your professional opinion is showering in a mold infested shower, healthy for a person that has Asthma and or COPD.

**DEFENDANT LeCLOUX'S RESPONSE TO PLAINTIFF'S WRITTEN DEPOSITION  -** Page 2

Doc No  1828977

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

**EXHIBIT 1 - PAGE 2**

**RESPONSE**:  Each situation is different.  I do not have specific information about how much mold exposure there was.  As a general proposition a mold infested environment could exacerbate a person's asthma or COPD symptoms.

**QUESTION NO. 6**:  Please explain the community standard of care for mold exposure, especially if any type of imaging, blood work, breathing tests would be involved.

**RESPONSE**:  The standard of care is driven by specific factors that are relevant to each individual case, including but not limited to the sort of mold exposed to, the amount of mold exposed to, the frequency of the exposure, the patient's pre-existing conditions and the patient's symptoms.  As a general proposition, there is no imaging that I am aware of that would be helpful for determining if anything abnormal were occurring as a specific result of mold exposure.  As a general proposition, there is no blood work that can be done to determine mold exposure.  Blood work (IgE) can be done to test for an allergic reaction but will not tell specifically to what allergen.  Allergy testing can be done via a skin test.  These tests are ordered based on symptoms, the severity of symptoms, chronicity of symptoms, and response or lack of response to treatment.  Allergy testing is not the first line of treatment as it does not always change the course of treatment and can be uncomfortable.  An examination of a patients breathing can be done, including but not limited to a Peak Flow test, and a Pulmonary Function Tests.

**QUESTION NO. 7**:  Please explain why the community standard of care was not followed with Mr. Eaton's complaints of mold exposure.

**RESPONSE**:  I met the community standard of care in my treatment of Mr. Eaton.

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT LeCLOUX'S RESPONSE TO PLAINTIFF'S WRITTEN DEPOSITION  -** Page 3

Doc No  1828977

**KEATING JONES HUGHES P.C.**
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

**EXHIBIT 1 - PAGE 3**

**QUESTION NO. 8**:  Please provide in detail, the Medical Degree(s) you have, include any Certifications, Diploma(s), Specialist Training you have received, that qualified you to be employed as a Medical Provider at TRCI.

**RESPONSE**:  I have an Associate's degree in nursing, a Bachelor's Degree in nursing, and a Master's degree in nursing.  Additionally, I am a Certified Family Nurse Practitioner through the American Nurses Credentialing Center.  I was credentialed to provide care at TRCI.

Date: <u>January 26, 2022</u>          *s/ Cynthia LeCloux, FNP-C*
                                                      CYNTHIA LeCLOUX, FNP-C

DATED this 26th day of January, 2022.

                          KEATING JONES HUGHES, P.C.


                          *s/ Trent J. Andreasen*
                          Trent J. Andreasen, OSB No. 195026
                          503-222-9955
                          Attorneys for Cynthia LeCloux

**DEFENDANT LeCLOUX'S RESPONSE TO PLAINTIFF'S WRITTEN DEPOSITION  -** Page 4

Doc No  1828977

KEATING JONES HUGHES P.C.
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

**EXHIBIT 1 - PAGE 4**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT LeCLOUX'S RESPONSE**

**TO PLAINTIFF'S WRITTEN DEPOSITION** on the following:

**<u>LEGAL MAIL</u>**
Aaron Dale Eaton
Snake River Correctional Institution
Prisoner No. 14997682
777 Stanton Blvd
Ontario, OR 97914-8335
Pro Se

Vanessa A. Nordyke
Oregon Department of Justice
1162 Court St NE
Salem OR 97301
Phone: (503) 947-4700
Fax: (503) 947-4792
Email: vanessa.a.nordyke@doj.state.or.us
Of Attorneys for Two Rivers Correctional Institution Defendants

by mailing to said parties on said day.

DATED this 26th day of January, 2022.

KEATING JONES HUGHES, P.C.


*s/ Trent J. Andreasen*
Trent J. Andreasen, OSB No. 195026
tandreasen@keatingjones.com, FAX 503-796-0699
Of Attorneys for Cynthia LeCloux

Trial Attorney: Scott G. O'Donnell, OSB No. 933849

**CERTIFICATE OF SERVICE -** Page 5

**KEATING JONES HUGHES P.C.**
200 SW Market St , Suite 900
Portland, Oregon 97201-5730
(503) 222-9955